SHAMBOW *v.* NEW YORK, N. H. & H. R. Co.

*(Superior Court of New York City, General Term.   July 2, 1891.)*

MASTER AND SERVANT—DEFECTIVE APPLIANCES—EVIDENCE.

> In an action against a railroad company by a brakeman in its employ, for personal injuries, there was evidence from which the jury had a right to find that the injuries complained of were sustained in consequence of a defect in the brake with which plaintiff had to work, and that the defect might have been discovered by the exercise of ordinary care on the part of defendant.  Defendant offered no evidence. *Held,* that the case was properly submitted to the jury, and a verdict for plaintiff would not be disturbed.

Appeal from jury term.

Action by George T. Shambow against the New York, New Haven & Hartford Railroad Company.  From a judgment entered in favor of plaintiff on the verdict of a jury, and from an order denying defendant's motion on the judge's minutes for a new trial, defendant appeals.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Page & Taft,* for appellant.   *Thomas P. Wickes,* for respondent.

FREEDMAN, J.   This action was brought by the plaintiff to recover damages for injuries sustained in consequence of the alleged negligence of the defendant while he was engaged in the performance of his duty as a brakeman in the Harlem River yard of the defendant.   At the trial the defendant offered no proof, and the case was summed up and submitted to the jury upon the evidence adduced by the plaintiff.   Upon the evidence the jury had a right to find that the injuries were sustained in consequence of a defect in the brake with which the plaintiff had to work, and that the defect might have been discovered by the exercise of ordinary care and diligence on the part of the defendant.   This was sufficient to call for a determination by the jury of the question of defendant's negligence.   Upon the question of plaintiff's alleged contributory negligence, the case, upon the facts presented, was also one for the jury.   The various motions to dismiss the complaint were therefore properly denied, and the issues were properly submitted to the jury.   None of the exceptions taken to the admission of evidence presents, under all the circumstances, ground for reversal; nor was there any error in the charge, or the refusals to charge otherwise.   Upon the whole, substantial justice seems to have been done.   The judgment and order should be affirmed, with costs.   All concur.